## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GERALD A. HENRY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-01362 |
| CAPITAL MANAGEMENT SEVICES, LP, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

**NOW COMES** Gerald A. Henry ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Capital Management Services, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

1

5.  Defendant is a third party debt collector holding itself out as a "nationally licensed and recognized collections agency."[1] Defendant is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 694 South Ogden Street, Buffalo, New York.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.  In or around 2021, Plaintiff obtained a credit card serviced by Discover ("subject debt").

8.  Due to unforeseen financial circumstances, Plaintiff could not keep up with payments and defaulted on the subject debt and Defendant acquired the rights to collect the subject debt.

9.  In or around December 2020, Plaintiff retained a Bankruptcy attorney as his liabilities had exceeded his assets.

10. On or around February 15, 2021, Plaintiff answered a phone call placed by Discover and informed the representative that he was filing Bankruptcy and requested Defendant to stop calling him and to instead call his bankruptcy attorney.

11. During the call, Plaintiff provided Discover with the details of his Bankruptcy attorney's information.

12. In or around February 2021, Defendant began placing collection calls to Plaintiff's cellular telephone number (319) XXX-7610, in an attempt to collect on an alleged subject debt.

13. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 7610.

---

[1] https://cms-collect.com/ (last visited: March 10, 2021).

14. On or around February 17, 2021, Plaintiff answered a phone call from Defendant and advised the representative of his Bankruptcy, provided his attorney information, and demanded it cease calling.

15. Shortly after speaking with Defendant, Plaintiff placed a phone call to Discover to inquire as to why the Bankruptcy information was not forwarded to Defendant.

16. Discover did not provide a reason, and simply apologized to Plaintiff. During the call, Discover confirmed that it was in possession of the Bankruptcy information provided on February 15, 2021.

17. On February 19, 2021, after Plaintiff confirmed his Bankruptcy information, Defendant sent directly to Plaintiff a Collection Letter relating to the subject debt ("Collection Letter").

18. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and attorney information.

## DAMAGES

19. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692c, c(a)(2)e, e(2), e(5), e(10), f, f(1), and g through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

31. Defendant violated §1692c(a)(2) when it directly communicated with Plaintiff regarding the subject debt, despite having knowledge of Plaintiff's Bankruptcy attorney. Defendant issued the Collection Letter to Plaintiff while in possession of Plaintiff's attorney's name and address. At no time did Plaintiff's attorney provide consent for Defendant to

correspond directly to Plaintiff and at no time did Plaintiff's counsel receive any communications regarding Plaintiff or the subject debt.

32. Defendant knew its actions were in direct violation of the FDCPA, but made the decision to communicate with a represented party to maximize its profits at Plaintiff's expense.

**b. Violations of FDCPA § 1692e**

33. Defendant violated §1692e by engaging in false, deceptive and misleading conduct when it falsely implied that Defendant could continue to collect on the debt, even having knowledge of Plaintiff's bankruptcy attorney information, was false and misleading. Defendant caused the Collection Letter to be sent, seeking immediate payment of a debt that was to be included in Plaintiff's Bankruptcy filing.

34. Defendant violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was going to be included in Plaintiff's Bankruptcy filing.

35. Defendant violated §1692e(5) by engaging in false, deceptive and misleading conduct when it sent the Collection Letter on February 19, 2021, days after Plaintiff provided his Bankruptcy attorney information.

36. Defendant violated §1692e(10) when it falsely represented that the subject debt was collectible at the time it made demands for payment, as the subject debt was going to be part of Plaintiff's Bankruptcy filing.

**c. Violations of FDCPA § 1692f**

37. Defendant violated §1692f by engaging in unfair and unconscionable means in an attempt to collect on the subject debt. Defendant violated §1692f(1) by attempting to collect a debt not permitted by law as Plaintiff provided Defendant with his attorney information. Defendant

attempted to dragoon and induce the Plaintiff despite knowing that Plaintiff had retained an attorney and intended to include the debt in his Bankruptcy.

38. As an experienced creditor and debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

39. Despite having actual knowledge of Plaintiff's attorney and bankruptcy information, Defendant attempted to coerce payment by sending the collection letter.

40. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

### d. Violations of FDCPA §1692g

41. Defendant violated §1692g by failing to send Plaintiff a written validation notice within five days of the initial communication. During a phone conversation with Defendant, Plaintiff verified his address in order for Defendant to send documents relating to the subject debt.

42. Defendant neglected to send Plaintiff any written correspondence after speaking with Plaintiff and verifying his attorney and bankruptcy information.

43. Moreover, Defendant deprived Plaintiff of his right to dispute the validity of the subject debt, as prescribed by the FDCPA.

44. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff GERALD A. HENRY respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoining Defendant from further communications with Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 11, 2021                                  Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com